IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL KERMIT WILSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, | : | |
| Acting Commissioner of Social Security | : | NO. 14-3703 |

### MEMORANDUM ORDER

**DITTER, J.**                                                                                          January  14, 2016

Upon consideration of the administrative record, pleadings, the Report and Recommendation, and objections thereto, I make the following findings and reach the following conclusions:

1. Michael Kermit Wilson brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, denying his application for social security income ("SSI") under Title XVI of the Social Security Act. On July 16, 2015, the Honorable Timothy R. Rice, United States Magistrate Judge, filed a Report and Recommendation recommending that judgment be entered in favor of Defendant, affirming the decision of the Commissioner. Plaintiff has filed objections to the Report and Recommendation arguing that the Magistrate Judge failed to properly consider and analyze his arguments in denying his motion for relief.

2. The district court undertakes a *de novo* review of the portions of the Report and Recommendation to which Plaintiff has objected. *See* 28 U.S.C. § 636(b)(1); *Brown v. Astrue,* 649 F.3d 193, 195 (3d Cir. 2011). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). I must review the factual findings presented to determine if they are supported by "substantial evidence in the record." 42 U.S.C. §

    405(g); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). "In order to establish a disability under the Social Security Act, a claimant must demonstrate there is some 'medically determinable basis for an impairment that prevents him from engaging in any substantial gainful activity for a statutory twelve-month period.'" *Plummer*, 186 F.3d at 427 (citations omitted).

3.     Plaintiff has filed the following objections arguing that the ALJ and Magistrate Judge failed to: (1) properly weigh the medical evidence and the opinion of his treating psychiatrist when determining his residual functional capacity; (2) properly evaluate Plaintiff's credibility; and (3) relied on flawed vocational expert testimony.  These claims of error are limited to Plaintiff's claimed mental impairments.  After consideration of all of the arguments and evidence, I shall adopt and affirm the report and recommendation of the magistrate judge.

4.     The ALJ and the Magistrate Judge thoroughly reviewed the medical evidence and set forth specific reasons for not giving the treating psychiatrist's opinion controlling weight.  Those reasons included inconsistencies within his report and treatment notes, the lack of hospitalizations, other substantial medical evidence that conflicted with the treating psychiatrist's opinion, and the plaintiff's own testimony and provides substantial evidence to support the determination of the ALJ.

5.     The ALJ's determination that Plaintiff's testimony was not entirely credible has also been fully analyzed and is supported by substantial evidence.  Thus, it cannot be disturbed on appeal.

6.     Finally, the hypothetical posed to the vocational expert sufficiently accounted for Plaintiff's moderate impairments in concentration, persistence and pace by limiting him to work that was simple, repetitive and with only occasional changes in the work setting and contact with the public and co-workers.

Therefore, **IT IS HEREBY ORDERED** that:

    1.     Plaintiff's objections (Doc. No. 23) are **OVERRULED** and the Report and Recommendation is **APPROVED AND ADOPTED**;

    2.     The Plaintiff's request for review is **DENIED;**

3. **JUDGMENT IS ENTERED** in favor of the Commissioner; and

4. The Clerk of Court shall mark this case **CLOSED**.

**BY THE COURT:**

**/s/ J. William Ditter**

**J. WILLIAM DITTER, JR., J.**